UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TRACEY KERSHAW-WOOD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-CV-1659-SNLJ |
| | ) | |
| TITANIUM METALS CORPORATION | ) | |
| & DAVID HARBISON | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Tracey Kershaw-Wood's motion for remand (#13) and defendant David Harbison's motion to dismiss (#6). The matters are fully briefed. Because this Court finds that Harbison was not fraudulently joined as a defendant, Kershaw-Wood's motion for remand will be granted.

**I.    Background**

Back in 2015, Kershaw-Wood worked for Titanium Metals Corporation ("Titanium"). In March of that year, she complained to management—including Harbison—about a coworker who was sexually harassing her. Nothing was done. The next month, Kershaw-Wood complained again, and she was told that nothing could be done. Kershaw-Wood then filed a restraining order against the coworker. When management found out about the restraining order, Kershaw-Wood was sent home for the day. Next, Harbison suspended Kershaw-Wood from work until after the court date for the restraining order. A week later, Kershaw-Wood was fired.

1

Kershaw-Wood filed a Charge of Discrimination ("Charge") with the Missouri Commission on Human Rights (the "MCHR"). She listed Titanium as the employer that discriminated against her. Under the "Particulars" section of the Charge, she wrote:

> I reported the [harassment] to my employer who said there was nothing they could do. After filing a restraining order on April 21, 2015, I was sent home from work, I then returned on April 23, 2015 and was suspended and told the suspension was in effect until the [sic] after the court date on the restraining order. I was terminated on April 30, 2015. I believe I was terminated in retaliation for reporting and objecting to the harassment.

(#7-1). Kershaw-Wood did not mention Harbison anywhere in the Charge. There was no effort to resolve the claim through conciliation, and the MCHR issued a Notice of Right to Sue.[1]

Kershaw-Wood then sued Titanium *and* Harbison in state court. She alleged counts of gender discrimination and retaliation against both defendants. Although Kershaw-Wood and Harbison are both allegedly citizens of Missouri, Titanium removed the case to this Court under 28 U.S.C. § 1332(a)(1). Harbison claims he was fraudulently joined because Kershaw-Wood did not exhaust her administrative remedies against him because she failed to name Harbison in the administrative Charge. Harbison then moved to dismiss the claims against him (#7). Kershaw-Wood claims that Harbison was not fraudulently joined and moved for remand (#13).

## II. Legal Standard

---

[1] Presumably, the Notice of Right to Sue mentioned only Titanium because Kershaw-Wood did not list Harbison anywhere in the Charge. The Notice of Right to Sue is not part of the record in this case.

Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship between plaintiffs and defendants. *Buckley v. Control Data Corp.*, 923 F.2d 96, 97 n.6 (8th Cir. 1991). When there is not complete diversity, district courts must remand the case under 28 U.S.C. § 1447(c).

Fraudulent joinder is an exception to the requirement that complete diversity must exist both when the state petition is filed and when the petition for removal is filed. *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011). "[A] plaintiff cannot defeat a defendant's 'right of removal' by fraudulently joining a defendant who has 'no real connection with the controversy.'" *Id.* (*quoting Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). "[T]o prove that a plaintiff fraudulently joined a diversity-destroying defendant, [the Eighth Circuit has] required a defendant seeking removal to prove that the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" *Id.* at 977 (*quoting Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003)).

"Under this standard, 'if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained.'" *Id.* at 980 (*quoting Filla*, 336 F.3d at 810). But "joinder is not fraudulent where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" *Id.* (footnote omitted) (*quoting Filla*, 336 F.3d at 811). In making this prediction, the district court resolves all facts and ambiguities in the law in the plaintiff's favor. *Filla*, 336 F.3d at 811. The defendant must "do more than merely prove that the

plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion." *Knudson*, 634 F.3d at 980.

"In deciding whether joinder is fraudulent, the court may not step from the threshold jurisdictional issue into a decision on the merits." *Walters v. Sensient Colors, LLC*, No. 4:14-CV-1241-HEA, 2015 WL 667986, at *3 (E.D. Mo. Feb. 17, 2015). If "the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question . . . but simply to remand the case and leave the question for the state courts to decide.'" *Filla*, 336 F.3d at 811 (*quoting Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)).

**III.    Discussion**

The question before this Court is whether there arguably is a reasonable basis for predicting that a Missouri court *might* impose liability on Harbison under these facts. This question requires a "close analysis" of Missouri law. *See Knudson*, 634 F.3d at 978.

Under the MHRA, "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice" must file a charge of discrimination "which shall state the name and address of the person alleged to have committed the unlawful discriminatory practice and which shall set forth the particulars thereof . . . ." RSMo. § 213.075.1.[2] Before filing a civil suit, "a claimant must exhaust administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or

---

[2] The MHRA was amended effective August 28, 2017. This case was filed in state court on April 28, 2017. Thus, all citations are to RSMo. 2013.

4

obtaining a right-to-sue letter." *Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 671 (8th Cir. 1994) (*citing* RSMo. §§ 213.075, 213.111.1). "[A]dministrative complaints are interpreted liberally in an effort to further the remedial purposes of legislation that prohibits unlawful employment practices." *Id.*

Generally, a plaintiff exhausts administrative remedies by naming in the administrative charge all those allegedly involved in the discriminatory behavior. *Walters*, 2015 WL 667986, at *3; *see also Hill v. Ford Motor Co.*, 277 S.W.3d 659, 669 (Mo. banc 2009). But failing to name a supervisor in the charge of discrimination does not always bar suit against the supervisor. *Hill*, 277 S.W.3d at 669. In *Hill*, the Supreme Court of Missouri explained that the purpose of naming a party in the charge of discrimination is "to give notice to the charged party and to provide an avenue for voluntary compliance without resort to litigation, such as through the EEOC's conciliation process." *Id.* The court reasoned that "[t]hese requirements are met [and a plaintiff may sue an unnamed supervisor] where there is a substantial identity of interest between the parties sued and those charged . . . ." *Id.*

Determining whether a "substantial identity of interest" exists requires considering the following factors:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented

5

> to the complainant that its relationship with the complainant is to be through the named party.

*Id.* at 669–70 (*quoting Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1977)). The court in *Hill* noted that failing to make a supervisor a party to the administrative action would bar suit against the supervisor *only* if it resulted in prejudice. *Id.* at 662.

Harbison argues that there is no reasonable basis in fact and law to impose liability on him because Kershaw-Wood did not exhaust her administrative remedies against him by failing to name him in the Charge. He also argues that the substantial-identity-of-interests exception is not met here. Harbison claims all four *Hill* factors favor a finding that there is no substantial identity of interests: (1) Kershaw-Wood knew Harbison's role and identity (and could have listed him) when she filed her Charge, (2) Harbison's interests—as an individual—are not similar to Titanium's, so Kershaw-Wood should have named him, (3) Harbison was prejudiced in that he had no opportunity to submit documents or to respond to Kershaw-Wood's Charge, and (4) Harbison did not hold himself out to be Titanium's alter ego.

Kershaw-Wood, in contrast, argues that the purposes of naming a party in the administrative charge—to give notice to the charged party and to provide an avenue for voluntary compliance without resort to litigation—are satisfied in this case. She claims that Harbison was on notice. Specifically, she listed in the Charge's Particulars section conduct and actions attributable to Harbison, even if his name was not explicitly listed. He was allegedly the one who told Kershaw-Wood that nothing could be done about the harassment, and he was the one who eventually suspended her. The MCHR even

6

conducted an investigative interview of Harbison, and the MCHR reviewed Kershaw-Wood's allegations with Harbison during the interview. One of these allegations was that Kershaw-Wood was "*suspended* and discharged in retaliation." (#15-1 at 3) (emphasis added). Again, Harbison is the one who suspended her. So Harbison was part of an investigation that he surely understood (or should have) included allegations against him. This might be sufficient for a Missouri court to find that the notice purpose of naming a party in the administrative charge is satisfied.

Kershaw-Wood also argues that Harbison was not prejudiced—which *Hill* requires—because there was no conciliation in this case. A Missouri court might agree and find that Harbison would not have done anything different even if Kershaw-Wood named him in the Charge. Thus, it is possible that a Missouri court might find that Kershaw-Wood in effect exhausted her administrative remedies against Harbison.

Resolving all facts and ambiguities in the law in Kershaw-Wood's favor, *Filla*, 336 F.3d at 811, and without wading into a decision on the merits, *Walters*, 2015 WL 667986, at *3, this Court finds that there is arguably a reasonable basis for predicting that a Missouri court *might* impose liability on Harbison. This is consistent with several decisions from this Court finding that "the issue of administrative exhaustion is therefore properly left to the state court for resolution." *Walters*, 2015 WL 667986, at *4 (granting motion to remand); *see also Bock v. Liberty Rest. Grp., L.P.*, No. 4:13-CV-0781-AGF, 2013 WL 4504375, at *3 (E.D. Mo. Aug. 23, 2013) (same); *Fernandez v. GMRI, Inc.*, No. 4:11-CV-00244-AGF, 2011 WL 6884797, at *3 (E.D. Mo. Dec. 29, 2011) (same); *Jameson v. Gough*, No. 4:09-CV-2021-RWS, 2010 WL 716107, at *4 (E.D. Mo. Feb. 24,

2010) (same); *Hall v. Avis Budget Car Rental, LLC*, No. 4:12-CV-00738-AGF, 2012 WL 2191620, at *2–3 (E.D. Mo. June 14, 2012) (same); *Dones v. Sensient Colors, LLC*, No. 4:12-CV-00216-AGF, 2012 WL 1802438, at *3 (E.D. Mo. May 17, 2012) (same); *Huye v. Life Care Ctrs. of Am., Inc.*, No. 4:12-CV-111-CEJ, 2012 WL 1605250, at *2 (E.D. Mo. May 8, 2012) (same); *Moss v. Def. Servs., Inc.*, No. 1:08-CV-88-CAS, 2009 WL 90136, at *3 (E.D. Mo. Jan. 14, 2009) (same). *But see Moore v. Helget Gas Prods., Inc.*, No. 4:14-CV-1292-CEJ, 2014 WL 6632342, at *2 (E.D. Mo. Nov. 21, 2014) (denying motion to remand); *Warren v. Dr. Pepper/Seven Up Mfg. Co.*, 4:13-CV-526-ERW, 2013 WL 4507846, at *4 (E.D. Mo. Aug. 23, 2013) (same); *Borders v. Trinity Marine Prods., Inc.*, No. 1:10-CV-146-HEA, 2010 WL 5139343, at *3 (E.D. Mo. Dec. 9, 2010) (same).

**IV.**  **Conclusion**

This Court is required to remand the action to state court under 28 U.S.C. § 1447(c) because this Court did not have original jurisdiction when the case was filed in state court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Kershaw-Wood's motion to remand (#13) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff Kershaw-Wood's request for attorneys' fees is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Harbison's motion to dismiss (#6) is **DENIED** as moot.

So ordered this   25th   day of October, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE